# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC and TAG FOUNDATION, § § § | |
| § | Civil Action No. 6:13-CV-609 |
| *Plaintiffs*, § § | |
| v. § § | |
| § | JURY TRIAL DEMANDED |
| DELL INC., § § | |
| *Defendant*. § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and TAG Foundation ("TAG") complain against Defendant Dell Inc. ("Dell"), as follows:

## PARTIES

1. Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Plaintiff TAG is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw, Inc. (doing business as SeeSaw Children's Place), a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3. Plaintiff TAG is the owner by assignment of United States Patent No. 6,848,072 ("the '072 patent" or "the Patent-in-Suit") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware." The '072 patent was duly and legally issued on January 25, 2005. A true and correct copy of the '072 patent is attached as Exhibit A.

4. Plaintiff Stragent is the exclusive licensee of the '072 patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the Patent-in-Suit, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the Patent-in-Suit without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the Patent-in-Suit, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Patent-in-Suit and pursuing and entering into any settlement related to a claim of infringement.

5. Plaintiff Stragent has previously asserted the Patent-in-Suit against Freescale Semiconductor, Inc., Lattice Semiconductor Corporation, and Intel Corporation in the Eastern District of Texas. *Stragent, LLC, et al. v. Freescale Semiconductor, Inc., et al.*, No. 6:10-cv-224-LED-JDL, Dkt. No. 1 (E.D. Tex. April 29, 2010); *Stragent, LLC, et al. v. Intel Corporation*, No. 6:11-cv-421-LED-JDL, Dkt. No. 1 (E.D. Tex. August 10, 2011). On September 23, 2011, Judge Love issued a provisional claim construction order on the Patent-in-Suit in Stragent's case against Freescale Semiconductor, Inc. and Lattice Semiconductor Corporation. *Stragent, LLC, et al. v. Freescale Semiconductor, Inc., et al.*, No. 6:10-cv-224-LED-JDL, Dkt. No. 141 (E.D. Tex.

September 23, 2011).  On August 8, 2013, Judge Love issued a claim construction opinion and order on the Patent-in-Suit in Stragent's case against Intel Corporation.  *Stragent, LLC, et al. v. Intel Corporation*, No. 6:11-cv-421-LED-JDL, Dkt. No. 122 (E.D. Tex. August 10, 2011).

6. On information and belief, Defendant Dell is a Delaware corporation having its principal place of business in Round Rock, Texas.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendant Dell has transacted business in this district and has committed acts of patent infringement in this district.  Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

9. On information and belief, Defendant Dell has conducted and does conduct substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.  Thus, Defendant Dell is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,848,072

10. On information and belief, Defendant Dell has been and now is directly infringing for example, Claim 12 the '072 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Dell's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Dell products (which include Intel's Xeon E7 Processor Series, Intel's Itanium 9500 Processor Series, and/or Intel's 7500 Chipset made and sold outside the United States), including, but not limited to, Dell's Xeon X7542 processor and PowerEdge R910 server. Dell is thus liable for direct infringement of the '072 patent pursuant to 35 U.S.C. § 271(a).

11. On information and belief, Defendant Dell has had knowledge of the Patent-in-Suit since August 10, 2011, when Plaintiff Stragent filed suit against its supplier, Intel Corporation, in *Stragent, LLC, et al. v. Intel Corporation*, No. 6:11-cv-421-LED-JDL, Dkt. No. 1 (E.D. Tex. August 10, 2011).

12. As a result of Defendant Dell's infringement of the '072 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment in favor of Plaintiffs that Defendant Dell has directly infringed the '072 patent;

B. A judgment and order requiring Defendant Dell to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendant Dell's infringement of the '072 patent as provided under 35 U.S.C. § 284; and

C.  Any and all other relief to which the Court may deem Plaintiffs entitled.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
Shawn A. Latchford
Texas State Bar No. 24066603
sal@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Barry J. Bumgardner
Texas State Bar No. 00793424
barry@nbclaw.net
Jaime K. Olin
Texas State Bar No. 24070363
jolin@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

*Attorneys for Plaintiffs Stragent, LLC and TAG Foundation*